UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST KRAUSE, et al., | No. 2:23-cv-02307-DAD-DB |
| Plaintiffs, | |
| v. | ORDER DENYING DEFENDANTS' REQUEST TO SEAL |
| MANJARI CHAWLA, et al., | (Doc. No. 34) |
| Defendants. | |

On December 1, 2023, defendants Manjari Chawla, Leah Wilson, Ruben Duran, George Cardona, Ryan Chin, Tiffany Sorensen, Michael Nguyen, and the State Bar of California ("State Bar Defendants") filed a notice of their request to seal documents ("the Documents") filed in support of their opposition to plaintiffs' motion for a preliminary injunction, pursuant to Local Rule 141. (Doc. No. 34.) In their notice, defendants describe the Documents as containing "information regarding an applicant for admission to the practice of law . . . ." (*Id.* at 2.) Consistent with Local Rule 141(b), defendants separately provided the court via e-mail with their request to seal and a copy of the Documents. (Req. at 11–16). Plaintiffs likewise provided to the court via email their opposition to the pending request to seal. For the reasons explained below, defendants' request to seal the Documents will be denied.

/////

/////

1

## LEGAL STANDARD

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010). The standards used are based on the type of motion to which the documents to be sealed are attached:

> [W]e treat judicial records attached to dispositive motions differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135, 1136 (9th Cir. 2003)). The reason for these two different standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos*, 605 F.3d at 678 (citations and internal quotation marks omitted).

Under the "compelling reasons" standard applicable to dispositive motions:

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

/////

/////

2

1  *Id.* at 1178–79 (internal quotation marks, omissions, and citations omitted).  The party seeking to
2  seal a judicial record bears the burden of meeting the "compelling reasons" standard.  *Id.* at 1178;
3  *Foltz*, 331 F.3d at 1135.

4  While the terms "dispositive" and "non-dispositive" motions are often used in this
5  context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever
6  the motion at issue "is more than tangentially related to the merits of a case."  *Ctr. for Auto Safety*
7  *v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).  In some instances, the proposed
8  filing of documents under seal in connection with motions for preliminary injunctions, motions
9  for sanctions, or motions *in limine*—though such motions are not dispositive—may be governed
10 by the "compelling reasons" test, which is predicated on the right of access and the need to
11 "provide the public with a more complete understanding of the judicial system and a better
12 perception of its fairness."  *Id.* at 1097–1101 (quoting *Leucadia, Inc. v. Applied Extrusion Techs.,*
13 *Inc.*, 998 F.2d 157, 161 (3d Cir. 1993)).  In keeping with this principle, requests to seal
14 documents relating to motions for a preliminary injunction have been found by the Ninth Circuit
15 to "more than tangentially relate[] to the merits" because success on the motion for a preliminary
16 injunction would have resolved a portion of the claims in the underlying complaint.  *Ctr. for Auto*
17 *Safety, LLC*, 809 F.3d at 1102.

18 "In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when
19 such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to
20 gratify private spite, promote public scandal, circulate libelous statements, or release trade
21 secrets."  *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).  "The mere fact that the
22 production of records may lead to a litigant's embarrassment, incrimination, or exposure to
23 further litigation will not, without more, compel the court to seal its records."  *Id.*  "The
24 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were
25 previously filed under seal or protective order."  *Id.* at 1178–79.
26 /////
27 /////
28 /////

# ANALYSIS

State Bar Defendants argue that the Documents contain confidential information pertaining to plaintiffs and that State Bar Defendants are prohibited from disclosing that information by California Business and Professions Code § 6060.25. (Req. at 2.)

California Business and Professions Code § 6060.25 states in relevant part:

> Notwithstanding any other law, any identifying information submitted by an applicant to the State Bar for admission and a license to practice law and all State Bar admission records . . . and any information contained within the State Bar Admissions database or any file or other data created by the State Bar with information submitted by the applicant that may identify an individual applicant, other than information described in subdivision (b), shall be confidential and shall not be disclosed pursuant to any state law . . . .

Cal. Bus. & Prof. Code § 6060.25.

In their opposition to the pending request to seal, plaintiffs argue that the request to seal should be denied because the State Bar Defendants have already disclosed similar information and disclosure of the Documents would have little to no impact on plaintiffs. (Oppo. at 2.)

Defendants do not cite to any authority suggesting that a federal court must seal documents containing information protected from disclosure by § 6060.25 of the California Business & Professions Code. Neither do defendants argue that disclosure of the Documents would "become a vehicle for improper purposes" such as to "gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179. Further, plaintiffs appear to have expressly waived any protection afforded by the provision. *Cf.* Cal. Bus. & Prof. Code § 6060.25(b) (permitting disclosure "at the request of an applicant to another jurisdiction where the applicant is seeking admission to the practice of law" or when a law school graduate "consents to the release of the graduate's scores to the law school").

Accordingly, defendants' request to file the Documents under seal pursuant to Local Rule 141 (Doc. No. 34) will be denied.

/////
/////
/////

4

**CONCLUSION**

For the reasons explained above,

1. Defendant's request to seal (Doc. No. 34) is denied;

2. Defendants shall file the unredacted version of their opposition to the pending motion for a preliminary injunction (Doc. No. 15) no later than December 8, 2023; and

3. Plaintiffs shall file their reply to State Bar Defendants' opposition by no later than December 11, 2023.

IT IS SO ORDERED.

Dated:   **December 6, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

5