1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  ERNEST KRAUSE; and FREDERICK          No.  2:23-cv-2307 DAD DB
    MITCHELL,
12
13              Plaintiffs,              ORDER

14       v.

15  MANJARI CHAWLA, et al.,

16              Defendants.

17

18          Plaintiff's Ernest Krause and Frederick Mitchell commenced this action on October 11,

19  2023, by filing a complaint and paying the applicable filing fee.  (ECF No. 1.)  The complaint

20  alleges, in part, that plaintiff Krause is being threatened with "illegal disbarment" and plaintiff

21  Mitchell of being deprived "of an Admittance Ticket to the California Bar Examination[.]"  (Id. at

22  5.)  On November 16, 2023, plaintiffs requested entry of default as to defendant State Bar Court.

23  (ECF No. 20.)  On November 17, 2023, the Clerk of the Court entered default as to defendant

24  State Bar Court.  (ECF No. 22.)

25          On November 21, 2023, plaintiffs filed a motion for default judgement against defendant

26  State Bar Court.  (ECF No. 25.)  That same day defendant State Bar Court filed a motion to set

27  aside the Clerk's entry of default.  (ECF No. 26.)  On November 22, 2023, defendant State Bar

28  court filed a motion to strike plaintiffs' motion for default judgment.  (ECF No. 29.)

                                        1

1    On November 28, 2023, the assigned District Judge referred those motions to the

2    undersigned pursuant to Local Rule 302(c)(19).  (ECF No. 32.)  On November 28, 2023,

3    defendant State Bar court re-noticed the motion to set aside entry of default for hearing before the

4    undersigned.[1]  (ECF No. 33.)  Thereafter, plaintiffs filed an opposition and defendants a reply.

5    (ECF Nos. 55-59, 64.)

6    However, on December 4, 2023, plaintiffs filed an amended complaint.  (ECF No. 36.)

7    Defendants, including defendant State Bar Court, have moved before the assigned District Judge

8    to dismiss the amended complaint.  (ECF Nos. 69 & 71.)

9    Plaintiffs filing of an amended complaint rendered defendant State Bar Court's default on

10   the original complaint void.  See Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010) ("As a

11   general rule, when a plaintiff files an amended complaint, the amended complaint supercedes the

12   original, the latter being treated thereafter as non-existent.").  In this regard, "after amendment the

13   original pleading no longer performs any function[.]"  Ferdik v. Bonzelet, 963 F.2d 1258, 1262

14   (9th Cir. 1992); see also Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999) ("a plaintiff's new

15   complaint wipes away prior pleadings").  The parties' motions, therefore, will be denied without

16   prejudice to renewal as having been rendered moot.[2]  See Nelson v. Nationwide Mortg. Corp.,

17   659 F. Supp. 611, 615 (D. D.C.  1987) ("In light of Nelson's filing of an amended complaint, her

18   motions for entry of default judgments against Nationwide, Tillette, and Butler must be denied as

19   moot.").

20   ////

---

21   [1] On January 2, 2024, the undersigned took the parties' motions under submission without a
22   hearing pursuant to Local Rule 230(g).  (ECF No. 73.)

23   [2] Even if the plaintiffs had not amended their complaint and proceeded with default as to
24   defendant State Bar Court, there are other defendants in this action.  And plaintiffs' original
     complaint alleged the defendants acted "jointly and severally."  (Compl. (ECF No. 1) at 3.)  The
25   Supreme Court has warned that "absurdity might follow" in instances where a court "can lawfully
26   make a final decree against one defendant . . . while the cause was proceeding undetermined
     against the others."  Frow v. De La Vega, 82 U.S. 552, 554 (1872).  The Ninth Circuit has
27   summarized the Frow standard as follows: "[W]here a complaint alleges that defendants are
     jointly liable and one of them defaults, judgment should not be entered against the defaulting
28   defendant until the matter has been adjudicated with regard to all defendants."  In re First T.D. &
     Investment, 253 F.3d 520, 532 (9th Cir. 2001).

2

1    Accordingly, IT IS HEREBY ORDERED that:

2    1.  Plaintiffs' November 21, 2023 motion for default judgment (ECF No. 25) is denied

3 without prejudice to renewal as having been rendered moot;

4    2.  Defendant State Bar Court's November 21, 2023 motion to set aside entry of default

5 (ECF No. 26) re-noticed on November 28, 2023 (ECF No. 33) is denied without prejudice to

6 renewal as having been rendered moot; and

7    3.  Defendant State Bar Court's November 22, 2023, motion to strike (ECF No. 29) is

8 denied without prejudice to renewal as having been rendered moot.

9 Dated:  January 4, 2024

10

11

12 DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22 DLB:6
DB\orders\orders.civil\krause2307.mdj.den.ord

23

24

25

26

27

28