UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST KRAUSE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MANJARI CHAWLA, et al.,<br><br>Defendants. | No. 2:23-cv-02307-DAD-DB<br><br>ORDER DENYING PLAINTIFFS' MOTION TO STAY AND TO STRIKE THE PENDING MOTIONS TO DISMISS, AND GRANTING DEFENDANTS' MOTIONS TO DISMISS ALL CLAIMS BROUGHT AGAINST THEM<br><br>(Doc. Nos. 65, 66, 69, 71, 75, 89) |

This matter is before the court on several motions: motions to dismiss the claims brought against them filed on behalf of defendants Keith Banks, Dawn Wigeri van Edema, and Lawrence Ring (collectively, "the individual defendants") (Doc. Nos. 65, 66, 71); motions to dismiss the claims brought against them brought on behalf of defendants State Bar of California ("the State Bar"), Manjari Chawla, Leah Wilson, Ruben Duran, George Cardona, Ryan Chin, Tiffany Sorensen, Michael Nguyen, and Alex Hackert (collectively, "the State Bar defendants") (Doc. No. 69); and plaintiffs' motion to stay and to strike the pending motions to dismiss (Doc. No. 89). On February 14, 2024, the motions to dismiss were taken under submission on the papers. (Doc. No. 90.) For the reasons explained below, plaintiffs' motion to stay and to strike the pending

/////

1

motions to dismiss will be denied, and the pending motions to dismiss will be granted without further leave to amend.

**BACKGROUND**

On December 4, 2023, plaintiffs Ernest Krause and Frederick Mitchell filed the operative first amended complaint ("FAC") in this action alleging that the State Bar defendants were illegally disciplining plaintiffs on the basis of complaints filed by the individual defendants, and that certain of the State Bar defendants were using member dues to fund the unauthorized practice of law.[1] (Doc. No. 36.) In their FAC, plaintiffs allege the following.[2]

Plaintiff Ernest Krause is an attorney licensed by the defendant State Bar. (*Id.* at ¶ 120.) Plaintiff Frederick Mitchell is allegedly a verified law student completing his fourth year of

---

[1] In addition to the State Bar defendants and the individual defendants, plaintiffs' FAC also names as defendants "State Bar Stakeholders," who plaintiffs define as "undisclosed judges, attorneys, and members of the Public," and "William R. Maroni," who plaintiffs identify as "an individual and a former client of plaintiff Ernest Krause, and who plaintiff Ernest Krause had obtained a restraining order against for stalking, property damage at plaintiff's home, threats of bodily harm, and harassment." (Doc. No. 36 at ¶¶ 130, 134.) As to the former, the purported naming of the "State Bar Stakeholders" is duplicative of plaintiff's inclusion of DOES 1–1,000, whom plaintiffs define in part as "Stakeholders in the State Bar of California." (*Id.* at ¶ 136.) Because the "State Bar Stakeholders" is a duplicative defendant, and plaintiffs have not yet identified these Doe defendants, the court will direct the Clerk of the Court to terminate defendant State Bar Stakeholders as a named defendant in this action. As to the latter, the Clerk of the Court issued a summons as to defendant William Maroni on December 4, 2023, the same day that plaintiffs filed the FAC. (Doc. No. 37.) However, plaintiffs have not filed a summons returned executed as to defendant Maroni. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, plaintiffs were required to serve defendant Maroni with the summons and the FAC within 90 days after the FAC was filed—March 4, 2024. Over four months have passed since that deadline expired, and plaintiffs have not at any point requested an extension of time in which to serve defendant Maroni with the summons and FAC. The court will address plaintiffs' failure to timely serve defendant Maroni by way of separate order. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

[2] The court emphasizes that the factual background described herein is derived solely from the allegations of plaintiffs' FAC. For the purposes of ruling on the pending motion to dismiss pursuant to Rule 12(b)(6), the court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Of course, the court expresses no opinion as to the veracity of plaintiffs' allegations.

2

academic legal studies and practical legal training under plaintiff Krause.  (*Id.* at ¶ 121.)  Defendants Chawla, Wilson, Duran, Cardona, Chin, Sorensen, Nguyen, and Hackert are employees of the defendant State Bar.  (*Id.* at ¶¶ 122–31.)  Defendants Banks and Ring are attorneys who litigated against plaintiff Krause's clients.  (*Id.* at ¶ 132, 135.)  Defendant Wigeri van Edema is defendant Banks's paralegal.  (*Id.* at ¶ 133.)  Defendant Maroni is a former client of plaintiff Krause.  (*Id.* at ¶ 134.)

On December 29, 2020, defendant Banks filed a complaint with the defendant State Bar alleging attorney misconduct on the part of plaintiff Krause.  (*Id.* at ¶ 88.)  Defendant Wigeri van Edema filed a similar complaint on February 13, 2021; defendant Maroni did likewise on February 2, 2022.  (*Id.*)  The State Bar defendants filed a Notice of Disciplinary Charges based on those complaints against plaintiffs on March 16, 2023, more than a year after the complaints were filed.  (*Id.* at ¶ 87.)  On July 20, 2022, defendant Ring filed another attorney misconduct complaint with the defendant State Bar.  (*Id.* at 89.)  The State Bar defendants filed a Notice of Disciplinary Charges based on that additional complaint on June 15, 2023, nearly a year after it was filed.[3]  (*Id.*)

California Business and Professions Code § 6094.5(a) makes it the "goal and policy of the State Bar" to "file formal charges within six months after it receives a complaint alleging attorney misconduct."  (*Id.* at ¶ 17.)  Plaintiffs allege that this provision "is controlling law for State Bar jurisdictional time limits to file formal charges and is expressly limited to six months" for certain cases such as plaintiffs' case.  (*Id.* at ¶ 52.)  The State Bar defendants filed formal charges against plaintiffs more than six months after receiving the complaints described above.  (*Id.* at ¶ 59.)  According to plaintiffs, by continuing to prosecute plaintiffs in disregard for the jurisdictional requirements of § 6094.5(a), the State Bar defendants and individual defendants are allegedly conspiring to violate plaintiffs' constitutional rights.  (*Id.* at ¶¶ 59, 90–93.)

/////

---

[3]  The State Bar defendants dispute whether the complaints and charges were filed against both plaintiffs or against plaintiff Krause only.  (*See* Doc. No. 69.)  The court will not address or resolve this dispute because it is not pertinent to the court's analysis in ruling on the pending motions.

3

Additionally, plaintiffs allege as follows. Defendants Cardona, Wilson, Duran, and the State Bar (collectively, "the Claim 25 Defendants") are using plaintiff Krause's Bar membership dues to fund the unauthorized practice of law. (*Id.* at ¶¶ 341–73.) The Claim 25 Defendants employ "approximately 82 nonlawyers to expressly engage in the unauthorized practice of law." (*Id.* at ¶ 344) (internal citations omitted). These employees purportedly "interview witnesses, [ ] explain jurisdiction, [ ] issue subpoenas, and [ ] make independent legal determinations," as well as "'advise' attorneys on law, discuss third-party contracts, quote law, cite authorities, review and discuss court cases, and send letters to attorneys and members of the public explaining laws, discussing legal ramifications of violating laws, discussing punishments, and citing authorities in support." (*Id.* at ¶¶ 348–49.)

Based on the above allegations, plaintiffs assert 24 claims against all defendants. (*Id.* at ¶¶ 159–340.) It is difficult to discern the precise basis for each of plaintiffs' claims, though they all appear to be brought pursuant to either 42 U.S.C. § 1983 or § 1985(2). (*Id.*) All of the 24 claims are purportedly predicated on asserted violations of combinations of the First Amendment; Sixth Amendment; Fourteenth Amendment; California Constitution Article I, § 7; and/or California Constitution Article I, § 15. (*Id.*) Additionally, plaintiffs assert one claim against the Claim 25 Defendants for violation of plaintiffs' First Amendment free speech and associational rights, predicated on the alleged use of membership dues to fund the unauthorized practice of law. (*Id.* at ¶¶ 341–73.)

On November 13, 2023, plaintiffs filed a motion for a preliminary injunction seeking similar relief to that requested in their original complaint and in their FAC. (Doc. No. 15.) The court held a hearing and denied that motion for a preliminary injunction on December 19, 2023. (Doc. No. 62.)

Plaintiffs filed their FAC on December 4, 2023. (Doc. No. 36.) On December 7, 2023, the State Bar defendants filed a motion seeking an interim order governing motion practice and discovery. (Doc. No. 51; *see also* Doc. No. 43.) On December 8, 2023, the court issued a minute order directing as follows:

/////

4

> (1) Plaintiffs' motion for class certification is DENIED as premature, without prejudice to plaintiffs filing a motion for class certification consistent with the deadlines that will be set forth in the scheduling order that this court will issue following a scheduling conference in this case; (2) The parties shall not engage in any formal discovery in this action until after the court issues a scheduling order to govern this case; (3) Because formal discovery has not yet begun, plaintiffs' notices of admitted matters are premature; (4) A scheduling conference will not be held until after the court rules on defendants' anticipated motion to dismiss plaintiffs' first amended complaint; (5) Until a scheduling order issues, the parties shall not file any motions in this action without first obtaining leave of court to do so, with the exceptions that defendants may file their anticipated motion to dismiss in response to plaintiffs' first amended complaint; (6) Until a scheduling order issues, plaintiffs shall not file any documents in this case without first obtaining leave of court to do so, with the exception that plaintiffs may still file (i) a reply in support of their motion for a preliminary injunction, (ii) a response to the anticipated motion to dismiss, and (iii) any remaining briefing for defendants' motion to set aside entry of default . . . .

(Doc. No. 53) ("the December 8 Order"). On December 19, 2023, plaintiffs filed a notice of appeal challenging both the court's December 8, 2023 order and the court's order denying their motion for a preliminary injunction. (Doc. Nos. 60, 61.) That appeal remains pending before the Ninth Circuit.[4]

On December 22, 2023, defendants Banks and Wigeri van Edema filed their motion to dismiss plaintiffs' claims brought against them. (Doc. No. 65.) That same day, defendant Ring filed a notice of joinder in the motion to dismiss filed by defendants Banks and Wigeri van Edema. (Doc. No. 66.)[5] The State Bar defendants filed their pending motion to dismiss on December 27, 2023. (Doc. No. 69.) Plaintiffs did not file any oppositions to the pending motions to dismiss. On January 16, 2024, defendants Banks and Wigeri van Edema filed a reply requesting that the court construe plaintiffs' failure to oppose the pending motion to be a waiver

---

[4] Separately, on January 5, 2024, plaintiffs filed a notice of appeal regarding an order issued by the magistrate judge in this action denying plaintiffs' motion for default judgment. (*See* Doc. Nos. 76, 78.) The Ninth Circuit dismissed that appeal for lack of jurisdiction on March 1, 2024. (Doc. No. 93.)

[5] Defendants Banks and Wigeri van Edema filed an amended notice of motion on December 28, 2023. (Doc. No. 71.) The court will refer to the filings listed on the docket at numbers 65, 66, and 71 collectively as "the individual defendants' motion to dismiss."

5

or abandonment of the claims brought against them. (Doc. No. 83.) The State Bar defendants filed a similar reply that same day. (Doc. No. 84.) Defendant Ring filed his own similar reply on January 25, 2025. (Doc. No. 86.)

On February 12, 2024, plaintiffs filed a motion for administrative relief seeking to stay these proceedings and to strike the pending motions to dismiss. (Doc. No. 89.) The State Bar defendants filed their opposition to plaintiffs' February 12, 2024 motion on February 16, 2024. (Doc. No. 91.) Defendants Banks and Wigeri van Edema filed their opposition to plaintiffs' motion on February 20, 2024. (Doc. No. 92.)[6] Plaintiffs did not file any replies thereto.

## LEGAL STANDARDS

### A. Motion to Stay

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Deciding whether to grant a stay pending the outcome of other proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55. The party seeking such a stay must "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damages to some one [sic] else." *Id.* at 255. In considering whether to grant a stay, a court must weigh several factors, including "[1] the possible damages which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). A stay may be granted regardless of whether the separate proceedings are "judicial, administrative, or arbitral in character, and does not require

/////

---

[6] The individual and State Bar defendants have also filed requests for judicial notice in support of their motions to dismiss. (*See* Doc. Nos. 65-2, 66-1, 70.) The court need not, and does not, rely on these filings to resolve the pending motions. Accordingly, defendants' requests for judicial notice are denied as having been rendered moot by this order.

that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).

**B.    Motion to Dismiss under Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). It is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought under Rule 12(b)(6), the court is permitted to consider material that is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiffs'

7

1  complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d. 668, 688–89 (9th Cir. 2001).

**C.     Motion to Dismiss under Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) permits a party to "challenge a federal court's jurisdiction over the subject matter of the complaint." *Nat'l Photo Grp., LLC v. Allvoices, Inc.*, No. 13-cv-03627-JSC, 2014 WL 280391, at *1 (N.D. Cal. Jan. 24, 2014). "A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (internal citation omitted).

"The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *Warren v. Fox Fam. Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

## ANALYSIS

**A.     Plaintiffs' Motion to Stay and to Strike the Pending Motions to Dismiss**

In the pending motion styled as one for administrative relief, plaintiffs request an order staying all proceedings in this action due to plaintiff's appeal to the Ninth Circuit. (Doc. No. 89 at 1–4.) Plaintiffs do not cite to any relevant legal authority in support of their request, nor do they address the factors set forth in the Court's decision in *Landis*. Indeed, plaintiffs' precise argument in support of their motion is difficult to decipher, and it is not clear that plaintiffs are seeking a discretionary stay. Nevertheless, the court easily concludes that the *Landis* factors weigh heavily against the court exercising its discretion to stay this action. Accordingly, plaintiffs' motion seeking a stay of the proceedings in this action will be denied.

In their motion, plaintiffs also seek to strike the pending motions to dismiss on the grounds that "plaintiffs' appeal on December 19, 2023 was an appeal based on the matters affecting the entire case," such that "defendants' separate motions to dismiss are 'premature' by

the standards set forth in this Court's December 8, 2023." (Doc. No. 89 at 4.) Defendants construe plaintiffs' request in this regard to be an argument that plaintiffs' December 19, 2023 appeal automatically stayed proceedings in this court. (*See* Doc. Nos. 91 at 2; 92 at 2.) Out of an abundance of caution, the court will construe plaintiffs' request in this fashion.[7]

The court concludes that plaintiffs' appeal of the December 8 Order did not automatically stay proceedings in this court. "When a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply." *Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007). This court's December 8, 2023 minute order was a case management order and is therefore not immediately appealable. *See Plata v. Brown*, 754 F.3d 1070, 1074–76 (9th Cir. 2014). Plaintiff contends the December 8 Order was also a vexatious litigant pre-filing order. (Doc. No. 89 at 3.) Defendants point out that even if plaintiffs are correct in this regard, "pre-filing orders entered against vexatious litigants are also not immediately appealable." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056 (9th Cir. 2007). As a result, plaintiffs' appeal filed December 19, 2023 did not automatically stay the proceedings in this court. *See Nascimento*, 508 F.3d at 908 ("Thus we never had jurisdiction over that appeal, and it was proper for the Montana district court to begin exercising jurisdiction over the case.").

Plaintiffs also argue that their appeal of the undersigned's order denying their motion for preliminary injunction effected a mandatory stay of this action. (*See* Doc. No. 89 at 4.) The court disagrees. "[A]ppeals from orders granting or denying a preliminary injunction 'do[ ] not divest the trial court of jurisdiction to continue with other phases of the case." *Jamul Action Comm. v. Chaudhuri*, No. 2:13-cv-01920-KJM-KJN, 2015 WL 6744531, at *2 (E.D. Cal. Nov. 4, 2015) (alterations in original) (quoting *Phelan v. Taitano*, 233 F.2d 117, 119 (9th Cir. 1956)). "In such

/////

---

[7] Plaintiffs' precise argument in this regard is again difficult to determine. To the extent plaintiffs' motion to strike the pending motions to dismiss relies on other grounds than plaintiffs' appeal automatically staying these proceedings, plaintiffs have offered no explanation or argument to support their motion.

9

an event, the case 'is to proceed in the lower court as though no such appeal had been taken, unless otherwise specially ordered.'" *Id.* (quoting *Phelan*, 233 F.2d at 119).

Because plaintiffs' December 19, 2023 filing of a notice of appeal did not stay proceedings in this court, the pending motions to dismiss are not somehow "premature." Accordingly, plaintiffs' motion to strike or dismiss the pending motions to dismiss will be denied.

**B.     The Individual Defendants' Motion to Dismiss**

In their motion to dismiss, the individual defendants argue that plaintiffs' claims asserted against them must be dismissed because the individual defendants are entitled to witness immunity. (Doc. Nos. 65-1 at 20–25; 66; 71.)

The only non-conclusory allegations in plaintiffs' FAC regarding the individual defendants are that the individual defendants submitted complaints about plaintiffs to the State Bar. (*See* Doc. No. 36 at ¶¶ 88, 89.) The individual defendants are entitled to witness immunity for this conduct. *See Kinney v. California*, No. 14-cv-01591-PSG-MRW, 2014 WL 12966059, at *3 (C.D. Cal. Sept. 10, 2014) ("[T]he Court finds that Cooper is entitled to absolute immunity for . . . her initial complaint to the State Bar."), *aff'd sub nom*. *Kinney v. State Bar of Cal.*, 676 F. App'x 661, 663 (9th Cir. 2017) ("Because Cooper is entitled to absolute witness immunity for her complaint about Kinney to the State Bar, the district court did not err in dismissing Kinney's claim against Cooper."). Accordingly, plaintiffs' claims asserted against the individual defendants will be dismissed without leave to amend. *See Kinney*, 2014 WL 12966059, at *1–3 (granting the defendant's motion for judgment on the pleadings and dismissing the plaintiff's § 1983 claims brought against her without leave to amend).[8]

/////

/////

---

[8] The court agrees with the individual defendants that plaintiffs' claims asserted against them also must be dismissed because plaintiffs have failed to allege that the individual defendants are state actors within the meaning of § 1983 and have failed to allege facts sufficient to demonstrate a conspiracy under § 1985(2). (*See* Doc. No. 65-1 at 11–19.) The court does not discuss these issues in detail because the court has determined that plaintiffs' claims brought against the individual defendants must be dismissed on other grounds for the reasons discussed above.

10

**C.     The State Bar Defendants' Motion to Dismiss**

  1.     <u>Claims 1–24</u>

          a.     *Injunctive Relief Enjoining the State Bar Disciplinary Proceedings*

On all claims except their last, plaintiffs seek injunctive relief enjoining the State Bar Court disciplinary proceedings against them. (Doc. No. 36 at 56–60.) In their motion to dismiss, the State Bar defendants argue that such injunctive relief is squarely foreclosed by binding Ninth Circuit authority. (Doc. No. 69 at 21) (citing *Hirsh v. Justices of the Supreme Ct. of Cal.*, 67 F.3d 708 (9th Cir. 1995)).

Under the *Younger* doctrine, "[a]bsent 'extraordinary circumstances,' abstention in favor of state judicial proceedings is required if the state proceedings (1) are ongoing,[9] (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *Hirsh*, 67 F.3d at 712 (citing *Younger v. Harris*, 401 U.S. 37 (1971)). "California State Bar proceedings are judicial in nature and implicate important state interests." *Roshan v. Lawrence*, Nos. 21-15771, 22-56215, 23-15618, 23-16104, 2024 WL 339100, at *1 (9th Cir. Jan. 30, 2024) (citing *Hirsh*, 67 F.3d at 712–13).[10] "[A]ttorneys subject to California State Bar disciplinary matters have an adequate opportunity to raise their federal constitutional claims in the State Bar proceedings." *Id.* (citing *Hirsh*, 67 F.3d at 713). Accordingly, the State Bar defendants' motion to dismiss, to the extent it seeks dismissal of plaintiffs' claims seeking injunctive relief enjoining the State Bar Court disciplinary proceedings, will be granted. *See Pavone v. Cardona*, No. 21-cv-01743-BTM-BLM, 2022 WL 1060440, at *6 (S.D. Cal. Mar. 7,

---

[9] Plaintiffs allege in their FAC that their State Bar Court proceedings were scheduled for January 17–19, 2024. (Doc. No. 36 at 56.) The court notes that in their opposition to plaintiffs' motion to stay filed on February 16, 2024, the State Bar defendants stated that the disciplinary proceedings were still ongoing at that time. In any event, to the extent plaintiffs' suit is not moot, the State Bar defendants' motion will be granted for the reasons explained in this order. *See Robinson v. Cal. State Bar*, No. 15-mc-80129-JD, 2015 WL 3486724, at *2 (N.D. Cal. May 28, 2015) ("Now that the hearing has presumably occurred, it is unclear whether Mr. Robinson seeks any further relief against the state bar. But to the extent Mr. Robinson's motion is not moot, the Court agrees that the motion should be dismissed . . . .").

[10] Citation to this unpublished Ninth Circuit decision is appropriate pursuant to Ninth Circuit Rule 36-3(b).

11

2022) ("[B]ecause the Court must abstain from exercising jurisdiction over this case under the *Younger* doctrine, Defendants' Motion to Dismiss is Granted.").[11]

      b.  *Declaratory Relief and Injunctive Relief Voiding Past Proceedings*

Plaintiffs also seek declaratory and injunctive relief voiding all State Bar disciplinary proceedings after January 1, 2022 where formal charges were not filed within six months after a complaint was received. (Doc. No. 36 at 57.) Plaintiffs seek this relief as proposed class representatives of all attorneys who were disciplined in such proceedings. (*Id.* at 59–60.) Plaintiffs allege that such a delay in filing disciplinary charges violates California Business and Professions Code § 6094.5(a), which makes it "the goal and policy of the State Bar" to "file formal charges within six months after it receives a complaint alleging attorney misconduct." (Doc. No. 36 at ¶¶ 17–23) (quoting Cal. Bus. & Prof. Code § 6094.5(a)). Plaintiffs allege that § 6094.5(a) establishes a jurisdictional requirement and that failure to comply with the time provided therein divests the State Bar Court of jurisdiction. (*Id.* at ¶¶ 22, 51–60.)

Plaintiffs—all of whose claims are brought pursuant to § 1983 or § 1985(2)—do not explain how the State Bar defendants allegedly violating § 6094.5(a) would also violate the constitutional rights of the attorney charged in disciplinary proceedings.[12] Accordingly, plaintiffs' claims seeking declaratory and injunctive relief voiding past State Bar disciplinary proceedings, on the grounds that those proceedings violated § 6094.5(a) and § 1983 or § 1985(2), will be dismissed for failure to state a cognizable claim. In light of plaintiffs' failure to cure their deficient pleadings in their FAC, as well as the futility of their claims, the court will not grant

---

[11] Plaintiffs include allegations in their FAC that various exceptions to the *Younger* doctrine are applicable here. (*See, e.g.*, Doc. No. 36 at ¶ 14.) These allegations are entirely conclusory and, importantly, plaintiffs do not allege any facts to support a finding that the *Younger* doctrine does not compel dismissal here.

[12] The court additionally notes that "[a]n enactment does not create a mandatory duty if it merely recites legislative goals and policies that must be implemented through a public agency's exercise of discretion." *McConnell v. Lassen Cnty.*, No. 05-cv-00909-FCD-DAD, 2005 WL 8176686, at *5 (E.D. Cal. Sept. 21, 2005) (quoting *Cnty. of Los Angeles v. Superior Ct.*, 102 Cal. App. 4th 627, 639 (2002)). Moreover, even if § 6094.5(a) did require the State Bar to file disciplinary charges within six months of receiving a complaint, the Supreme Court has recognized that "most time bars are nonjurisdictional." *United States v. Wong*, 575 U.S. 402, 411 (2015).

leave to amend as to those claims.  *See Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Servs. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) ("In addition, the federal causes of action that Cook lists in its reply brief that it contends could have been added to save the pleading are either incomprehensible or futile.  Therefore, the district court's decision to grant the motion without leave to amend was proper.").

                c.      *Elder Abuse Claims Seeking Damages*

Plaintiffs seek damages with respect to their elder abuse causes of actions, claims 13 through 24.  Plaintiffs allege that the State Bar defendants' purportedly illegal prosecution of plaintiff Krause constitutes elder abuse in violation of California Welfare and Institutions Code § 15610.27.  (Doc. No. 36 at 43–51, 60.)  Plaintiffs cite no authority in support of their elder abuse claims.

"[T]he California State Bar is entitled to immunity from suit in federal court."  *Kohn v. State Bar of Cal.*, 87 F.4th 1021, 1037–38 (9th Cir. 2023).  Employees of the California State Bar are also entitled to Eleventh Amendment immunity so long as they are sued in their official capacity.  *See Albert v. State Bar of Cal.*, No. 14-cv-01905-DOC-AN, 2015 WL 12683802, at *9 (C.D. Cal. Mar. 27, 2015).  Here, plaintiffs purport to sue the State Bar defendants in their personal capacities as well as their official capacities, but all of plaintiffs' allegations clearly relate to acts taken by the State Bar defendants in their official capacities only.  (*See, e.g.*, Doc. No. 36 at ¶¶ 31–34, 58–60); *Albert*, 2015 WL 12683802, at *9 ("From the face of the Complaint, it is apparent that Plaintiff has sued Kim and Pasillas in their official capacities as employees of the State Bar. . . .  The only plausible reading on these statements is that Kim and Pasillas are being sued in their official capacities.").

Accordingly, plaintiffs' elder abuse claims seeking damages against the State Bar defendants will be dismissed without leave to amend.  *See id.* ("Therefore, because she has named them in her state law claims in their official capacities, Plaintiff's third through sixth causes of

/////

/////

/////

action are barred as to Kim and Pasillas under the Eleventh Amendment.").[13]

For the reasons explained above, plaintiffs' first 24 claims will be dismissed in their entirety.

### 2. First Amendment Claim

In Claim 25, plaintiffs allege that defendants Cardona, Wilson, Duran, and the State Bar violated their First Amendment free speech and associational rights by using their member dues to employ non-lawyers, who consequently engaged in the unauthorized practice of law. (Doc. No. 36 at ¶¶ 341–73.) In support of this argument, plaintiffs cite *Keller v. State Bar of California*, 226 Cal. Rptr. 448 (Cal. Ct. App. 1986).[14]

"The State Bar may [ ] constitutionally fund activities germane" to "regulating the legal profession and improving the quality of legal services." *Keller v. State Bar of Cal.*, 496 U.S. 1, 14 (1990); *see also Crowe v. Or. State Bar*, 989 F.3d 714, 725 (9th Cir. 2021) ("*Keller* plainly has not been overruled."). Plaintiffs in this action allege that non-lawyers "interview witnesses, [ ] explain jurisdiction, [ ] issue subpoenas, and [ ] make independent legal determinations," as well as "'advise' attorneys on law, discuss third-party contracts, quote law, cite authorities, review and discuss court cases, and send letters to attorneys and members of the public explaining laws, discussing legal ramifications of violating laws, discussing punishments, and citing authorities in support." (Doc. No. 36 at ¶¶ 348–49.) These alleged activities are plainly germane to regulating the legal profession and improving the quality of legal services.

Accordingly, the State Bar defendants' motion to dismiss claim 25 will be granted. *See, e.g., Eugster v. Wash. State Bar Ass'n*, No. 15-cv-00375-JLR, 2015 WL 5175722, at *7 (W.D.

---

[13] Additionally, the court notes that plaintiffs have not alleged that they complied with the claim presentation requirements of the Government Claims Act. *See, e.g., Amarise v. Related Cos.*, No. 20-cv-06179-VBF-GJS, 2020 WL 8474757, at *6 (C.D. Cal. Nov. 24, 2020) ("The California Government Claims Act . . . provides that a party seeking to recover money damages from a California public entity or its employees must submit a claim to the entity before filing suit in court, generally no later than six months after the cause of action accrues.").

[14] The state court of appeal's decision in *Keller* has no precedential value since it was reversed by the California Supreme Court in *Keller v. State Bar*, 47 Cal. 3d 1152 (1989). The California Supreme Court's decision was then reversed by the United States Supreme Court in *Keller v. State Bar of Cal.*, 496 U.S. 1 (1990).

14

Wash. Sept. 3, 2015) (granting the defendants' motion to dismiss without leave to amend because the plaintiff "must plead facts that give rise to a reasonable inference that the unreimbursed activities paid for with mandatory dues are unrelated to 'regulating the legal profession and improving the quality of legal services'" and had "fail[ed] to do so in his amended complaint"); *Gruber v. Or. State Bar*, No. 18-cv-01591-JR, 2022 WL 1538645, at *3 (D. Or. May 16, 2022) (concluding that associational claims are subject to the same germaneness standard as free speech claims under *Keller*). In light of plaintiffs' failure to cure their deficient pleadings in their FAC, as well as the futility of their claims, the court will not grant leave to amend as to this claim either. *See Cook, Perkiss and Liehe, Inc.*, 911 F.2d at 247.

## CONCLUSION

For the reasons explained above,

1. Plaintiffs Ernest Krause and Frederick Mitchell's motion to stay and to strike the pending motions to dismiss (Doc. No. 89) is denied;

2. Defendants Keith Banks and Dawn Wigeri van Edema's motion to dismiss all of plaintiffs' claims brought against them (Doc. Nos. 65, 71) is granted, without leave to amend;

3. Defendant Lawrence Ring's motion to dismiss all of plaintiffs' claims brought against him (Doc. No. 66) is granted, without leave to amend;

4. Defendants Manjari Chawla, Leah Wilson, Ruben Duran, George Cardona, Ryan Chin, Tiffany Sorensen, Michael Nguyen, Alex Hackert, and the State Bar of California's motion to dismiss all of plaintiffs' claims brought against them (Doc. No. 69) is granted, without leave to amend;

5. The Clerk of the Court is directed to terminate defendants Keith Banks, Dawn Wigeri van Edema, Lawrence Ring, Manjari Chawla, Leah Wilson, Ruben Duran, George Cardona, Ryan Chin, Tiffany Sorensen, Michael Nguyen, Alex Hackert, State Bar of California, and State Bar Stakeholders as named defendants in this action;

/////

6. As indicated above in fn. 1, the court will address plaintiffs' failure to timely serve defendant Maroni, who is now the only remaining defendant in this action, by way of separate order; and

7. Plaintiffs' request for judicial notice (Doc. No. 75), which pertains to a defendant who was named in plaintiffs' original complaint and is no longer named in plaintiffs' FAC, is denied as having been rendered moot by the filing of plaintiffs' FAC.

IT IS SO ORDERED.

Dated: **August 1, 2024**

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES DISTRICT JUDGE